IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:14-CR-13-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| TONY O'NEAL BOYD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court this date upon hearing on the government's appeal of release order (DE 35), filed June 23, 2014. Defendant is charged with multiple drug crimes. Defendant appeared before the Honorable Kimberly A. Swank, United States Magistrate Judge, for hearing June 20, 2014, on the government's motion for pretrial detention. The magistrate judge denied the motion upon hearing and entered order setting release conditions, including that the defendant be released to return to the residence shared with his mother under her supervision, and placed on home detention supported by electronic monitoring. This decision subsequently was stayed upon the government's request, pending consideration by this court of the instant motion seeking the court to revoke the decision to release defendant pending trial.

Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the attorney for the government may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(a). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24

(E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

Upon thorough review of the government's motion for pretrial detention and the magistrate judge's order of release, the pretrial report prepared by the United States Probation Office, the matters made a part of the record in this case, including the instant motion and supporting memorandum, as well as defendant's response, and after further hearing June 27, 2014, at which the court received testimony of a law enforcement officer, the court finds the decision to deny the motion for pretrial detention and release defendant was in error. For the reasons set forth below, it is ordered that defendant be detained pending disposition of the case.

Defendant is subject by operation of law to the presumption, which may be rebutted by the defendant, that he is a risk of flight and a danger to the community, and that no condition or combination of conditions can be fashioned to assure his appearance and that he will not be a danger. 18 U.S.C. § 3142(e). In determining whether there are conditions of release, pursuant to § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  In this case, the government contends that defendant poses a significant risk of danger to the community, and moreover, that he has not rebutted the presumption weighing heavily against him, despite the offer of his mother as a third-party custodian. The mother's absences from the home for work reasons undercut her effectiveness. Testimony elicited by the government also shows this defendant's repeated association with gang members during periods of residency with his mother, including individuals who were and/or are now under investigation for murder offenses.

  While without criminal record of conviction, save for traffic offenses, it is noted defendant was subject to investigation in 2011, for assault and charged with assault with a deadly weapon with intent to kill in 2011. That charge was dismissed. That contact with the criminal justice system appears to have served no moderating influence on defendant's associations, as described also in the government's brief, which corresponds to the testimony heard today about defendant's continued gang involvement, and his affiliations with individuals subject to investigation for violent offenses involving use of firearms. A firearm was recovered from premises at which the co-defendant was arrested, which testimony showed the co-defendant later urged this defendant to admit to possessing, while the co-defendant was incarcerated on related state charges, as a favor due because defendant introduced the co-defendant to the individual later revealed to be an informant.

3

Defendant also was urged by D'Quel Najae Washington, while incarcerated, to locate that confidential informant, too. Testimony was heard that one of defendant's known associates is the subject of an investigation involving the murder of a confidential informant in the same area. However, there is no evidence the informant in this case has been threatened.

The co-defendant's girlfriend's residence appears to have played a central role in facilitating illicit contact among defendants and asserted gang members, and defendants' alleged drug activities. Moreover, the girlfriend appears to have played a roll, too, in serving as a conduit for communications as between her paramour, Washington, and this defendant, with intent to thwart the investigation. While defendant does not appear to have succumbed to Washington's directions, his willing engagement in these discussions raises suggestion that defendant does not have appropriate respect for the law. During a video exchange with co-defendant Washington while in lock-up, defendant was revealed on the videotape mimicking with co-defendant Washington the shooting of firearms.

At hearing today, the court and parties learned that the girlfriend's place of residence, which she continues to maintain, is around 100 yards from defendant's mother's home. The officer testified seeing her recently on the front porch of that rented place.

Offered to rebut the presumption is the defendant's lack of any criminal record and the availability of his mother, as noted, who was present at hearing this date together with defendant's grandmother, to serve as third-party custodian. The pretrial report provides background as to the family of defendant, whose father disavowed him early on. The history of defendant speaks to a record devoid of criminal convictions, his successful graduation from high school, and limited attempts to obtain higher education and/or vocational training. But it also reveals no gainful

employment during the course of his adult life, save some unsuccessful efforts this year to work. His history suggests a life built on years of drug-dealing and leaching off his mother, despite qualifications evidencing an ability to support himself through gainful employment. Defendant now has a child born out of wedlock to support, too.

Although defendant has no prior criminal convictions, defendant's community and family ties are significant, and there is no showing of any substance abuse issues, defendant has no financial resources.  At a young age, he has accumulated a steady history of association with known gang members evidencing a pattern of putting himself in the company of others insistent on drug dealing as a way of life with demonstrated access to weapons and violent propensities.  The good influence of his mother, and his brush with the law in 2011, have not curtailed what could well reveal itself as at least a four year history of dealing in drugs in association with others.

In determining whether the presumption has been rebutted, involving consideration of the factors made mention of above, the court notes that the nature and circumstances of the alleged offense weigh heavily in favor of detention.  The weight of the evidence against defendant, while not solely dispositive of the question of release or detention, is particularly compelling in this case.

While defendant proffered his mother as a third party custodian, and the magistrate judge found her suitable to serve in this capacity, it must be noted that defendant resided with his mother and was in regular contact with her at or around the time of the alleged offenses.  She was unaware of his associations, and works long hours outside the home. She presented herself with sincerity at time of hearing before the magistrate judge, and the court has no reason to think she condones this asserted behavior of her son or would not otherwise seek to responsibly discharge the duties of a custodian.  However, the court is convinced despite her willingness in this instance, that the web of

5

defendant's associations spun in this small community over many years disfavors his release. In that web, too, is co-defendant Washington's girlfriend, associated with the alleged crimes of record through her paramour, who lives very near the proposed place of defendant's release. The court is unable to fashion a set of release condition on the showing made.

In consideration of the evidence in the case bearing upon the factors herein discussed, the court concludes that defendant has not rebutted the presumption that no set of release conditions can be fashioned in this case to assure that defendant would not harm others. Defendant poses significant and compelling danger to the community. The court finds there are no conditions of release that will reasonably assure the safety of any other person and the community.

CONCLUSION

Accordingly, the order of the magistrate judge denying the government's motion for pretrial detention and setting conditions of release was in error. The government's motion now before this court to revoke the release order (DE 35) is hereby GRANTED. IT IS ORDERED that defendant be placed in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 27th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

7